IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
TINA KELL and TARA KELL,     )
                             )
     Plaintiffs,             )
                             )
  vs.                        )    Case No. 3:11-CV-301
                             )
PATROLMAN A. WHITMYER,       )
et al.,                      )
                             )
     Defendants,             )
```

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss Pursuant to FRCP 37 and Objection to Plaintiffs' Motion for Extension of Time, filed by Defendants, Patrolman A. Whitmyer, Officer/Cpl. D.L. Jones, Sgt. Thomas, City of Elkhart, and the Elkhart Police Department, by counsel, on April 16, 2012 (DE #19). For the reasons set forth below, the motion to dismiss is **DENIED**.

BACKGROUND

Defendants filed the current motion to dismiss pursuant to Federal Rule of Civil Procedure 37 concurrently with an objection to Plaintiffs' motion for an extension of time to complete discovery (which was filed by Plaintiffs on April 16, 2012, see DE #18.)  Defendants previously filed a motion to compel Plaintiffs' discovery responses, and Magistrate Judge Christopher A. Nuechterlein granted the motion, ordering Plaintiffs to adequately

respond to the discovery requests by April 10, 2012. (DE ##13, 14.) On April 10, 2012, Plaintiffs' counsel, Jerry Shoup, e-mailed Defendants' attorney answers to interrogatories that were not signed by the Plaintiffs. (*See* DE #19, Exs. A and B.) Additionally, Defendants contend the answers to interrogatories were incomplete, the responses to requests to produce were incomplete, and there was no response to Defendants' request for production of documents. (DE #19, p.2.) Defendants argue that because Plaintiffs disobeyed the Court's order dated March 26, 2012 (DE #14), the case should be dismissed pursuant to Rule 37.

In response, Plaintiffs claim, through newly appeared counsel, that they were asked to relieve Jerry Shoup by the Indiana Judges and Lawyers Assistance Program, "from any further responsibilities associated with this cause for reasons that may be confidential in nature, but which involve Jerry Shoup's ability to proceed effectively in representing the Plaintiffs." (DE #20, p. 1.) Plaintiffs current counsel argue that Plaintiffs "should not be denied justice because their previous attorney is going through personal issues which have caused him severe distress and has affected his ability to practice." (DE #20, p. 2.)

DISCUSSION

Rule 37 provides in pertinent part:

> If a party . . . fails to obey an order to
> provide or permit discovery, . . . the court

2

>     where the action is pending may issue further
>     just orders.  They may include the following:
>
>     ***
>
>     (v) dismissing the action or proceeding in whole or in
>     part[.]

Fed. R. Civ. P. 37(b)(2)(A)(v).  In other words, Rule 37 lets a court dismiss a case against a party who fails to comply with discovery orders.

Generally, dismissal under Rule 37 requires both a failure to comply with a discovery order and a showing of willfulness, bad faith or fault on the part of the noncomplying party.  *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976); *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n.5 (7th Cir. 1997) (citing *Patterson v. Coca-Cola Bottling Co.*, 852 F.2d 280, 283 (7th Cir. 1988)); *Hindmon v. National-Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 620 (7th Cir. 1982); *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994) ("Moreover, the case law reveals that Rule 37(b)(2) has been invoked only against parties who have disobeyed a discovery ruling of some sort.").  "[T]he Seventh Circuit has cautioned that a dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, where there is a clear record of delay or contumacious conduct."  *Govas v. Chalmers*, Nos. 86 C 3733, 86 C 7834, 1989 WL 157506, at *3 (N.D. Ill. Dec. 21, 1989) (quotation omitted).

Technically, Plaintiffs did violate the Court order to respond

to discovery requests by April 10, 2012, when they failed to file proper responses on that day, and instead moved for an extension of time on April 16, 2012.  However, Plaintiffs have not displayed a willful failure to obey court orders, and Defendants have not shown that their conduct was in bad faith.  Plaintiffs have retained new counsel, which is cautioned that it should, in the future, meet every deadline of this Court and effectively litigate this case.

CONCLUSION

For the aforementioned reasons, the Defendants' Motion to Dismiss Pursuant to FRCP 37 is **DENIED**.

**DATED: April 30, 2012**                    /s/ RUDY LOZANO, Judge
                                             **United States District Court**